Milton **LEWIS** et ux., Appellants,

v.

**INVESTORS SAVINGS ASSOCIATION,**
Appellee.

**No. 16794.**

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 3, 1967.

Rehearing Denied Feb. 24, 1967.

W. B. Pope, Dallas, for appellants.

Walter S. Fortney, Richard Owens, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

The suit, as same proceeded to trial before the court without a jury, resolved itself into one in simple trespass to try title. Such was the nature of the action of Investors Savings Association, as cross-plaintiff, against cross-defendants Milton Lewis and his wife. Abandoned by such time was the matter of indebtedness owing as between these parties and others who were former parties to the suit. Judgment in trespass to try title was for the Investors Savings Association. Milton Lewis and his wife appealed.

Judgment affirmed.

The property in question was contended to have constituted the homestead of Milton Lewis and his wife. When they obtained the first of the loans secured by the first of two Deeds of Trust, hereinafter mentioned, they signed an affidavit to the effect that the property was not their homestead. In our discussion we do not have occasion to find any applicable law decisive of the appeal which is affected by a consideration thereof. We treat the property as having always constituted these parties' homestead.

It was this property which was the subject of sale under trust deeds. Actually there were two foreclosures and sales by trustees; the first sale was conducted under authority of the Deed of Trust which was the second trust deed executed (by Milton Lewis without joinder of his wife), and a few months thereafter a second sale

was conducted under purported authority of the Deed of Trust which was the first trust deed (executed by both Milton Lewis and his wife).

In connection with the matter of validity of liens under Deeds of Trust upon "homesteads" in Texas, the law appears to have been established under antecedent decisions. Liens for taxes upon such property furnish validity to a Deed of Trust given in preservation of such a right,—as when the grantee in such security instrument has paid such as a part of the consideration therefor,—to the extent of the amount of taxes paid. W. C. Belcher Land Mortgage Co. v. Taylor, 212 S.W. 647 (Tex.Comm.App., 1919, opinion adopted); and other cases annotated in 28A Tex. Digest, "Mortgages", ██ "Right to foreclose". However, when in such an instance the amount of the taxes so paid (and comprising the only "secured" amount of the trust deed) is less than the total thereafter paid upon the principal of the note and mortgage prior to the time of the foreclosure and sale under a trust deed given as security, such a trust deed is void and any sale conducted does not pass title to the "homestead", the theory being that first application of said amounts paid on the obligation would be to that part of the principal used to pay the tax liens. Dallas Building & Loan Ass'n v. Henry, 98 S.W. 2d 1030 (Fort Worth Civ.App., 1936, writ dism.); Price v. McAnelly, 287 S.W. 77 (San Antonio Civ.App., 1926, writ dism.).

The case before us is one in which both a husband and wife gave a Deed of Trust to their "homestead" as security for a note and mortgage. There were liens accrued upon such property at the time of the execution of the instrument, and implied as a part of the consideration therefor was the payment of taxes in extinguishment of the tax liens. In any event it was by direction or consent of Milton Lewis and wife that a part of the funds borrowed was applied in payment of the taxes. There was also a valid mechanic's lien upon the prop-

erty and a part of the consideration for the Deed of Trust was the extinguishment of said lien by payment. A distinction is to be made in the character of the two kinds of liens. Tax liens accrue involuntarily as applied to owners of "homestead" property, while mechanic's liens accrue through voluntary action, i. e., become liens upon the property because of owners' affirmative action. As applied to either character of encumbrance one, not a volunteer, who advances money to pay the same, under circumstances from which an understanding is to be implied that at least a part of the advancement made is to be secured by a first lien on the land encumbered, is subrogated to the rights of the prior encumbrancer under his security, unless superior or equal equities of others would be prejudiced thereby. Kone v. Harper, 297 S.W. 294 (Waco Civ.App., 1927) affirmed Ward Harrison Co. v. Kone, 1 S.W.2d 857 (Tex. Comm.App., 1928); Platte v. Securities Inv. Co., 55 S.W.2d 551 (Tex.Comm.App., 1932).

About nine months subsequent to the date of the execution of the aforementioned original note and Deed of Trust (by both Milton Lewis and his wife) Lewis, without joinder and indeed without the knowledge of his wife, executed a new note and trust deed upon the same property for an additional consideration. Such property was and remained the "homestead". Newly accrued as a lien upon the property during the aforementioned nine months period was a tax lien in the amount of $110.98. Such was the only new and valid lien against the property. Subsequent installment payments—upon the second note—exceeded said amount of $110.98, which had been paid at the time of and pursuant to fund distribution incident to consummation of the new loan.

In the second trust deed (executed only by Milton Lewis) was the recitation: "The note hereby secured is given in renewal and extension of the balance remaining unpaid on that one certain note, dated August 5, 1963, in the original principal sum of $2,-

000.00, executed by Milton Lewis and wife, Ethel Bell Lewis, payable to the order of W. E. Lester, described in and secured by deed of trust of even date therewith to Hampden Spiller, Trustee, recorded in Volume 1729, page 275, of the Deed of Trust records of Tarrant County, Texas, and beneficiary herein having advanced the money necessary to pay off and satisfy the owner and holder of said note and lien at the special instance and request of the grantor herein, said beneficiary is hereby subrogated to all rights, liens, equities interests and remedies created or preserved in said note or lien, all of which are hereby continued in full force and effect in favor of said beneficiary, and the balance evidences a straight loan of money made by Beneficiary to Grantor at his special instance and request."

■ As a newly created lien under the second trust deed the grantee therein rightfully succeeded to the amount of $110.98 under Vernon's Ann.Tex.St. Art. 7345a, "Transfer of tax lien", and to that extent it had validity. Or the same thing may be said to have resulted from Milton Lewis' contract (the second Deed of Trust). Fest v. Williams, 89 S.W.2d 1072 (San Antonio Civ.App., 1935, no writ hist.). In view of the application properly made as applied to principal in subsequent installment payments on the note we might treat such as extinguished in view of the fact that they exceeded $110.98. Were the lien for these taxes the only lien existent the first foreclosure would have been void and the trustee's sale invalid for that reason. Dallas Building & Loan Ass'n v. Henry, supra.

■ However, there continued owing a portion of that amount paid by the lender upon taxes pursuant to disbursements made at time of the execution of the first note and trust deed. Such having been transferred to and become a valid lien securing the grantee of said first Deed of Trust (pursuant to payment of the taxes according to consent and implied direction of both Milton Lewis and his wife) they supported not only the first of such instruments, but also the second Deed of Trust given in extension and renewal. That is, support was provided to the extent thereof remaining unpaid. In other words the existence of valid unpaid tax liens, merged into both notes and both trust deeds, was sufficient occasion to prevent either from being treated as void "in toto". Being in part valid, neither instrument should be declared wholly void.

■ Though a husband may not validly renew and extend a mechanic's or materialman's lien created by the action of both husband and wife after the homestead rights are completely vested, he may validly renew and extend tax liens whether existent prior to the complete investiture of the homestead rights or thereafter accrued. Uvalde Rock Asphalt Co. v. Hightower, 140 Tex. 200, 166 S.W.2d 681, 143 A.L.R. 1366 (1942). It follows that in the renewal and extension (the second Deed of Trust) the lien for taxes was carried forward though the mechanic's lien was not. This mechanic's lien was not extinguished, however. It continued as secured by the first Deed of Trust.

■ The second trust deed was valid, at least in part, as of the time of foreclosure and sale by trustee. There having been no intent to extinguish the first note and Deed of Trust by the parties to the transaction whereby there was executed a second note and Deed of Trust, and there having been no consideration therefor in any event,— and there having been no limitation inhibition as to that mechanic's lien which was good as applied to the first and original note and Deed of Trust,—the amount owing thereon, legitimately supported even after first application of payments made upon principal to the portion representing the tax and mechanic's liens, continued the validity of said originally executed Deed of Trust. If the foreclosure and sale first held be treated as ineffective the second foreclosure and sale would be effective. As

indicated, we are of the opinion that the first was effective.

However, Milton Lewis and his wife were not prejudiced in any event. Foreclosure and sale by the trustee under either instrument would be valid (though the mortgage holder might have been entitled to a few dollars more of the proceeds realized from a sale under the first Deed of Trust than from a sale under the second, in view of the fact that there was protection to the amount of the mechanic's lien under the first and not under the second). There could have been an extinguishment of liabilities of the first Deed of Trust upon lawful consideration. But there was neither contract for its cancellation nor any consideration therefor. Rights under such trust deed persisted and it remained a contract upon which rights were enforceable despite the transaction pursuant to which the second Deed of Trust was executed.

As indicated there were two transactions of foreclosure and sale. The one first held was under authority of the second Deed of Trust. A few months thereafter the second was held under authority of the first. Obviously the second transaction was undertaken in an abundance of precaution in view of possibility of court decision that the first was invalid. Purchaser at both sales was Investors Savings Association.

At no time did Milton Lewis or his wife ever make any tender. A sale made under a Deed of Trust for a sum larger than the amount with which the property is properly chargeable is not void, and a power of sale in such deed can be effectively exercised if any part of the debt is due, owing, and secured by a valid lien on the property; and as applied to valid indebtedness owing, secured by valid lien, a remedy of the mortgagor is to offer to pay what is legally due before the sale of the mortgaged property, and, if tender is rejected to restrain the sale by injunction and seek an adjudication in adjustment of equities. We do not believe that there was any duty on the part of In-vestors Savings Association to invite such action by the Lewises.

It has been furthermore stated: "But if the mortgagor, with full notice, sits quietly by and without objection permits the mortgagee, through the trustee, to sell the land under the terms of the mortgage, he cannot question the validity of such sale, or the title thus passed to the purchaser by the trustee's deed. If such sale is regularly made in accordance with the provisions of the mortgage, and the whole estate is sold for more than the amount of the legal debt, then, in a proceeding brought by the purchaser to enforce his title thus obtained, we see no reason why the mortgagor could not, by way of cross-action, recover the excess obtained in the sale over the amount of the legal debt chargeable against the property sold. * * *." Price v. McAnelly, 287 S.W. 77, 81 (San Antonio Civ.App., 1926, writ dism.). It is to be noticed that in the case from which we have quoted it was a Mrs. Price, mortgagee, who bought in the property, and the suit was by her in trespass to try title against the mortgagor, following sale of the property under a Deed of Trust.

As heretofore noted the nature of the case at the time it went to trial was a simple suit in trespass to try title to real estate, cross-plaintiff being Investors Savings Association and the cross-defendants being Milton Lewis and his wife. The matter of adjustment of equities was not involved in the litigation.

It is contended by Milton Lewis and his wife that the amount of the brokerage fees, commissions and other charges paid out of the proceeds of the loans obtained, individually and collectively, should have been treated as paid upon and for the retirement of those parts of their debt applicable to legitimate liens such as tax and mechanic's liens. Their contention is that with such done all proper support for the trust deeds would have been thereby extinguished so that the deeds and sales conducted thereunder would have been wholly void. It was by consent or direction of

Milton Lewis, or of Lewis and his wife, that said payments were made. To do this was their right. They possessed the right to contract that installment amounts first paid on indebtedness be applied upon that part of the principal debt *not* arisen or existent because of the amounts advanced in extinguishment of the tax and mechanic's liens. It is only because they did not do so that equity "seizes upon" the matter and makes it proper for courts to make application of amounts thereafter paid upon the principal to the retirement of existent lien support—before any application to the remaining indebtedness.

Milton Lewis and wife grounded their defense upon a contention that both trustee's sales were void, i. e., of no legal force or effect. Our holding is against such contention.

Judgment is affirmed.