The **GREAT EASTERN LIFE INSURANCE COMPANY**, Appellant,

v.

Leaman **JONES** et ux., Appellees.

No. 7725.

Court of Civil Appeals of Texas, Beaumont.

July 24, 1975.

Rehearing Denied Aug. 21, 1975.

Charles E. Fitch, Houston, for appellant.

Robert Tucker, Liberty, for appellees.

DIES, Chief Justice.

Defendant, Leaman Jones, an illiterate Negro, executed a mechanic lien and trust deed to P. G. Fults, d/b/a Hercules Aluminum Company, for certain improvements to his homestead in Dayton, Texas. His common-law wife did not join in either instrument. Later Hercules assigned the note and lien to Montrose Mortgage Investors, Inc., who then assigned the instruments to The Great Eastern Life Insurance Company, our plaintiff. The note Jones executed to Hercules for the improvements was in the principal sum of $4,600. The deed of trust provided "the holder of the note above described is subrogated to all liens arising by and through the note above described for which the note secured herein is given."

Defendant testified that at the time he executed the note for the improvements there was a discussion as to the payee discharging the tax liens upon his property, saying: "They were supposed to pay the taxes off." Montrose Mortgage paid the following taxes upon defendant's property: Dayton Independent School District $51.31; Liberty County $21.78; Dayton Drainage District $1.10; City of Dayton $2.51. These sums represented tax liens upon the property involved in this suit. Defendant made no payments upon the note nor did he make a tender of any amount when the suit was instituted.

It is clear from our record that at the time of the foreclosure under the deed of trust, defendant was in default upon the payments due under the note. Plaintiff bid the property in at the trustee's sale and then instituted this suit in trespass to try title.

The jury failed to find that defendant represented himself as being a single man at the time of the execution of the note; but did find that defendant and Mae Ollie Jones entered into a common-law marriage in 1944. The uncontroverted evidence disclosed that this marriage had not been dissolved by death or divorce at the time of the making of the deed of trust.

The trial court entered judgment declaring all liens, claims and deeds of conveyance held by plaintiff to be null and void as to the property involved in the suit; that plaintiff recover $1,025 plus interest from the defendant; that plaintiff take nothing from defendant and his wife "as to the land in question;" and that defendant recover his costs.

Plaintiff's four points are concisely stated in its brief thusly:

"The question presented in this case can simply be stated as follows: Assuming property to be homestead, can the husband without the wife's joinder, give a lien (which ordinarily would be invalid as a lien under the assumed facts) that would be valid to the extent that it was given to secure a party paying delinquent ad valorem taxes."

We answer this in the negative.

In the clearest possible language, Tex. Const. art. XVI, § 50 (Supp.1974–1975) requires the joinder of the wife in the creation of a lien for improvements upon a homestead. But, plaintiff argues that "a portion of the original indebtedness of Appellee Leaman Jones (the amount of delinquent taxes paid) was secured by a valid lien and as such the foreclosure under the February 18, 1965 deed of trust passed title to Appellant." Primary reliance is placed upon language found in *Lewis v. Investors Savings Association*, 411 S.W.2d 794 (Tex. Civ.App.—Fort Worth 1967, no writ), and *W. C. Belcher Land Mortgage Co. v. Taylor*, 212 S.W. 647 (Tex.Comm'n App.1919, jdgmt. adopted).

■ Each of the cases relied upon is readily distinguishable from the case at bar.

In Lewis, the wife joined in the execution of the original note and lien; and, after the lienholder had paid the taxes and became subrogated to the tax liens, the husband alone executed the renewal upon which the foreclosure was had. In our case, the wife had no connection whatsoever with the creation of the lien. In Taylor the wife joined in the execution of the renewal and extension of a note that had been made by her husband prior to his death.

Not only the Constitutional provision noted earlier, but a statute, Tex.Rev.Civ.Stat. Ann. art. 5460 (1958), required the joinder of the wife in order to render valid the lien upon the homestead. With this positive language confronting us, we are unwilling to follow plaintiff's argument that a lien on a homestead void for any reason, whether joined by the wife or not, would be enforceable as long as the agreement obligated the lien holder or its assignee to pay any amount of taxes. We cannot believe this was ever intended. Such a holding would effectually emasculate this homestead exemption. Plaintiff has recovered judgment, as noted immediately below, for its debt. It is deprived of its lien solely because of the failure to follow the Constitutional and statutory provisions with reference to the fixing of the lien upon the homestead.

 We turn now to defendant's cross-point, noting that the second paragraph in the decretal portion of the judgment below awarded plaintiff a money judgment against the defendant. Defendant now attacks such paragraph by a cross-point urging a failure of consideration. Plaintiff specifically limited its appeal to paragraphs one, three, and four of the judgment and did not appeal from the judgment as a whole. Defendant did not perfect an appeal from the adverse portion of the judgment found in paragraph two thereof.

The judgment is clearly severable, and plaintiff complied with all of the provisions of Texas Rules of Civil Procedure 353(c), thus limiting the scope of the appeal to those portions of the judgment adverse to its contentions. Having failed to perfect his own appeal, we are precluded from considering defendant's cross-point. *Johnson v. Downing and Wooten Construction Co.,* 480 S.W.2d 254, 257 (Tex.Civ.App., Houston [14th Dist.] 1972, no writ).

All of plaintiff's points and cross-point of the defendant are overruled. The judgment of the trial court is affirmed.

Affirmed.