**Knowles E. LEONARD, Jr., et ux, Appellants,**

v.

**BRAZOSPORT BANK OF TEXAS, Appellee.**

**No. A2772.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 4, 1982.

Rehearing Denied Feb. 25, 1982.

---

Herbert Finkelstein, Houston, for appellants.

W. Edwin Denman, Wommack, Denman & Hardin, Lake Jackson, J. Palmer Hutcheson, Sewell & Riggs, Houston, Craig W. Hathway, Lake Jackson, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PRICE, JJ.

J. CURTISS BROWN, Chief Justice.

This appeal attacks a summary judgment entered against appellants, plaintiffs in the court below, in a suit to set aside a trustee's foreclosure sale. Appellant contends the property was protected as homestead and no valid lien on the property was created under a deed of trust executed in favor of appellee by a corporate entity because the transfer to the corporate entity was a "pretended" sale. Appellee contends the corporate entity executed a valid deed of trust pursuant to which, after default, a valid foreclosure sale was conducted. Appellee further contends that because it was subrogated to lien rights of a prior lien holder the trustee's sale was valid. We agree with appellee's claim of subrogation and affirm the holding of the trial court.

In 1964 Mr. K. E. Leonard, Jr. (Leonard) purchased the real property that is the subject of this suit. The property was purchased with the proceeds of a loan from the First National Bank of Angleton (First National). A deed of trust covering the prop-

erty secured the indebtedness. On a portion of the real estate Leonard and his wife (appellants) established their residence. In 1973 a shop building was constructed on another portion of the property. A valid mechanic's and materialmen's lien contract, signed to evidence the indebtedness relating to the shop, was assigned to First National.

In 1976 Leonard wanted to expand both the capacity of the machine shop and a nursery business which his wife was operating on the property. Leonard also decided to incorporate his business and on May 14, 1976, filed articles of incorporation for K. E. Leonard and Associates, Inc. (the corporation). The record contains an application of the corporation to the First State Bank of Clute for a loan to secure the desired capital. The application for this loan lists the property involved in this suit as a corporate asset. However, Leonard's deposition testimony was that the loan application was made before incorporation. The loan application was rejected.

On November 12, 1976 a board of directors meeting of the corporation was held. At this meeting the corporation was authorized to purchase the homestead property and issue stock to appellants. At this time the corporation was negotiating with the Brazosport Bank of Texas (Brazosport or appellee) to secure a loan to finance the desired capital improvements. On November 18, 1976 appellants conveyed the property to the corporation by deed. On the same day, the corporation received loan proceeds from appellee and executed a deed of trust on the property for the benefit of appellee. The deed of trust specifically provided:

> ... in the event the proceeds of the indebtedness secured hereby as set forth herein are used to pay off and satisfy any liens heretofore existing on said property, then Beneficiary is, and shall be, subrogated to all of the rights, liens, and remedies of the holders of the indebtedness so paid.

At this time the balance of indebtedness to First National was $38,841.00. An equal amount of the proceeds of the loan were disbursed directly to First National to satis-fy this liability. The remaining loan proceeds of $45,495.06 were deposited in the checking account of the corporation and used primarily to purchase equipment for the machine shop and to repay business debts Leonard had already incurred.

For a period of almost two years the corporation apparently conducted at least some business and made payments on the loan. However, a state of default occurred in July of 1978. Appellee and the corporation restructured the debt under a renewal note and deed of trust. The renewal deed of trust contained the same subrogation clause as the original deed of trust. The corporation again fell into default and finally forfeited its charter sometime in 1980.

During the second period of default the trustee under the deed of trust caused notices of the trustee's sale to be posted, and a sale was held on January 2, 1979. Appellee purchased the property and applied the sale price as a credit against the outstanding indebtedness owed to it by the corporation. At no time prior to foreclosure did appellants tender any amounts of money to satisfy the mechanic's and materialmen's lien on the property. Notwithstanding, prior to the sale, Leonard's son-in-law requested and was granted an amount of time during which he attempted to sell the property and pay off the debt.

Appellants filed this suit seeking to set aside the foreclosure sale of the property under the deed of trust. Appellee filed a motion for summary judgment which was granted. A final judgment was signed by the trial court on February 4, 1981, and appellants perfected appeal to this Court.

Appellants bring two points of error in attacking the granting of appellee's motion for summary judgment by the trial court. First, appellants contend the evidence raised a question of fact as to whether the trustee's sale was void because the entire transaction was a "pretended" sale and mortgage of appellant's homestead, creating no valid lien and, therefore, resulting in a void sale. Secondly, appellants contend Brazosport Bank of Texas did not have or acquire an interest in the property suffi-

cient to sustain a trustee's sale thereof by payment of a valid lien at the request of a third party (not the mortgagor).

We will address appellant's second point of error first. Appellants claim that even though proceeds of the loan from appellee were paid directly to First National to cover the amount owed to it, appellee did not acquire an interest in the property sufficient to support a non-judicial sale under the deed of trust. Appellants contend appellee had only an equitable right to subrogation and not a vested interest in the property. Appellants would, therefore, have us follow the rule that the right to subrogation in such circumstances must be affirmatively asserted and established by judicial proceedings before an equitable assignment can actually take effect. *Johnson v. Koenig*, 353 S.W.2d 478 (Tex.Civ.App.— Austin 1962, writ ref'd n.r.e.); *Downing v. Jeffrey*, 173 S.W.2d 241 (Tex.Civ.App.— Galveston 1943, writ ref'd w.o.m.).

We hold the fact situation before us now is not controlled by the rule appellants cite. The *Johnson, supra,* and *Downing, supra,* decisions are distinguishable in that the persons claiming subrogation to the powers in the deeds of trust were not the holders of the principal indebtedness secured by the instruments. In *Johnson* the party claiming subrogation to the power of appointment of a substitute trustee had made the equivalent of two mortgage payments after which a second party retired the remainder of the debt. The court held the second party was the owner and the holder of the principle indebtedness secured by the deed of trust and was the only person with the authority under the deed of trust to appoint a substitute trustee. The court further stated that the party claiming subrogation had a right to maintain and enforce the mortgage lien insofar as it was necessary for his protection, but his right to subrogation under the deed of trust could only be established by a judicial proceeding. In *Downing* the party claiming subrogation to the powers in the deed of trust had a purely equitable interest in the land prior to the execution of the deed of trust by the legal owner to a third party. The court held that

while he unquestionably had the right to protect his interest, the right to subrogation in his situation would also have to be established by a judicial proceeding.

▮ In the case before us appellee is the only party or entity with rights under the deed of trust. Appellee extinguished the entire liability to the prior lien holder and was, therefore, the owner and holder of the *entire* indebtedness secured by the deed of trust. Appellee was neither in the position of a junior mortgagee nor the owner of an equitable interest in the property. We thus conclude the rule urged by appellants is not applicable here.

▮ The controlling rule is stated in *Lewis v. Investors Savings Association*, 411 S.W.2d 794 (Tex.Civ.App.—Fort Worth 1967, no writ), as follows:

> . . . one not a volunteer who advances money to pay a valid encumbrance on a homestead, under circumstances from which an understanding is to be implied that at least a part of the advancement is to be secured by a first lien on the land encumbered is subrogated to the rights of the prior encumbrancer under his security unless superior or equal equities of others would be prejudiced thereby.

*Kone v. Harper*, 297 S.W. 294 (Tex.Civ.App. —Waco 1927), *aff'd sub nom., Ward-Harrison Co. v. Kone*, 1 S.W.2d 857 (Tex.Comm'n App.1928, judgment adopted). Appellants next contend appellee was a volunteer because it paid a prior lien holder not at the request of the Leonards, mortgagors, but at the request of the corporation, a third party. We note the Leonards were present at the transaction and obviously consented to a portion of the loan proceeds being paid directly to First National to satisfy the outstanding obligation. We also note the explicit terms of the deeds of trust set out above. Under these circumstances we see no merit to appellant's contention of volunteer status for appellee. *Blaylock v. Dollar Inns of America, Inc.*, 548 S.W.2d 924, 933 (Tex.Civ.App.—Tyler 1977), *modified sub nom., Diversified Mortgage Investors v. Blaylock*, 576 S.W.2d 794 (Tex.1978).

Appellants also contend it was not shown whether First National executed a release or transfer of the lien and, if so, to whom. However, where subrogation arises it makes no difference whether the party, on payment of the money, took an assignment of the mortgage or a release, or whether a discharge was made and the evidence of the debt cancelled. *Means v. United Fidelity Life Insurance Co.*, 550 S.W.2d 302 (Tex.Civ.App.—El Paso 1977, writ ref'd n.r.e.).

The terms of both the original deed of trust and the renewal deed of trust executed by the corporation specifically provided for subrogation and, there being no other parties with competing equities, we hold as a matter of law, appellee was contractually and equitably subrogated to the valid lien rights of First National Bank of Angleton and was authorized under the deed of trust to protect its rights by a non-judicial foreclosure sale. Appellant's second point of error is overruled.

Our holding above is sufficient to affirm the decision of the trial court in granting summary judgment in favor of appellee and upholding the validity of the sale of the property by the trustee under the terms of the deed of trust without reaching the question of "pretended" sale of the homestead presented in appellant's first point of error.

We feel compelled to note that the appellant both in the trial court in response to appellee's motion for summary judgment and in the points before us on appeal has only claimed the trustee's sale was void. The action of appellee in applying the entire proceeds of the sale to the indebtedness owed to it was not questioned in the trial court nor has a point claiming error on that basis been preserved and presented to this Court. Tex.R.Civ.P. Rule 166–A; *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). Therefore, we have held appellee's subrogation to valid lien rights superior to appellant's homestead rights gave appellee the authority under the deed of trust to force foreclosure and a trustee's sale. However, we are not presented with a question concerning the rights of the parties to the proceeds of the sale in excess of the amount necessary to satisfy the superior liens of appellee.

Affirmed.