**Wayne MANN, Trustee of the Wayne and Lonnell Mann Family Trust, Appellant,**

v.

**OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, f/k/a Title Insurance Company Of Minnesota, Appellee.**

No. 14–97–00917–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 23, 1998.

Dissenting Opinion of Justice Edelman, Aug. 6, 1998.

Arden J. Morley, Bellaire, for appellant.

Charles E. Fitch, Ben A. Baring Jr., Houston, for appellee.

Before LEE, ANDERSON and EDELMAN, JJ.

## OPINION

ANDERSON, Justice.

This is an appeal from a summary judgment granted in favor of appellee, Old Republic National Title Insurance [Old Republic]. Appellant, Wayne Mann [Mann],[1] complains in one point of error that the granting of summary judgment was erroneous because (a) the trial court incorrectly applied offensive collateral estoppel, and (b) appellee failed to show there is no issue of fact regarding appellant's knowledge of certain unrecorded easements. We affirm.

Mann purchased a tract of land in McMullen County. At the same time he also purchased a title insurance policy issued by Old Republic. This policy was subject to certain exceptions from coverage. Specifically, Old Republic was not required to cover either loss or damage caused by any easements on the purchased land disclosed by a physical inspection, or encumbrances known to the insured, not shown by public records and not known to the company.[2] At the time of Mann's purchase, the United States held two unrecorded easements covering a portion of the property. Although the easements were granted prior to the time Mann purchased his interest, they were not recorded until approximately ten months after Mann acquired the property.

Soon after his purchase, Mann filed suit against the United States in the United States District Court for the Southern District of Texas seeking to quiet title to the property. The trial court granted judgment for the defendant because Mann was deemed to have knowledge of the easements in favor of the United States.[3]

---

1. Mann sued in his capacity as trustee for the Wayne & Lonnell Mann Family Trust.

2. Mann's title insurance policy states that it does not insure matters "[s]ubject to any easements, right-of-ways, roadways, encroachments, etc., which a survey or physical inspection of the premises might disclose," and the policy "does not insure against loss or damage ... [for][d]efects, liens, encumbrances, adverse claims or other matters ... not known to the Company and not shown by the public records, but known to the Insured either at the date of this policy or at the date the Insured acquired an estate or interest insured by this policy and not disclosed in writing by the Insured to the Company prior to the date such Insured became the Insured hereunder."

3. The district court issued conclusions of law stating "because the law imputes to the Plaintiff [Mann Family Trust] such knowledge as its

Mann later submitted a claim with Old Republic under his title insurance policy based on defective title. Old Republic denied the claim and petitioned for declaratory judgment that Mann was excluded from coverage under the title ·policy based on his imputed knowledge of the easements. Mann answered and filed a counterclaim against Old Republic to recover, under the policy, his damages stemming from the defect in his title. Old Republic then moved for summary judgment on the ground that the federal court's findings and conclusions that Mann was aware of the easements was binding on him for purposes of the declaratory judgment action. Further, in a reply to Mann's response to the summary judgment motion, Old Republic repeated its contention that Mann was bound by the earlier findings and conclusions and cited *Eagle Properties, Ltd. v. Scharbauer,* 807 S.W.2d 714, 721 (Tex.1990)(reiterating rule in Texas that collateral estoppel only precludes the relitigation of identical issues of fact or law which were actually litigated and essential to the prior judgment) in support of that assertion. The trial court granted summary judgment in favor of Old Republic based upon the grounds asserted in its motion for summary judgment.

When reviewing a summary judgment, we follow these well-established rules: (1) the movant has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts must be resolved in his favor. *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). The movant must establish

his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). The nonmovant must expressly present to the trial court any reason that would defeat the movant's right to summary judgment by filing a written answer or response to the motion. *See McConnell v. Southside Indep. School Dist.,* 858 S.W.2d 337, 341 (Tex.1993). However, because the summary judgment must stand on its own merits, the nonmovant need not respond to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment. *See Clear Creek,* 589 S.W.2d at 678.

Mann contends there are two reasons the trial court erred in granting judgment for Old Republic based on collateral estoppel. First, Mann argues that his affidavit stating he had no knowledge of the easements, submitted with his response to Old Republic's summary judgment motion, creates a genuine issue of material fact as to whether he had knowledge of the government easements, thus defeating the motion. Second, Mann argues that even if Old Republic established all the requirements of collateral estoppel, that doctrine should not apply because of issues of fairness, and because Old Republic could have easily joined in the earlier action. *See Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 331, 99 S.Ct. 645, 58 L.Ed.2d 552(1979)(articulating four factors supporting the general rule that in cases where a plaintiff could easily have joined in the earlier action or where the application of offensive collateral estoppel would be unfair to a de-

agents would have acquired by the exercise of ordinary diligence, the Plaintiff must be deemed to have been aware of the two easements at the time that it purchased the ... property." In its findings of fact the court stated that Mann visited the property with the seller before he purchased it. While on the premises Mann saw posted signs warning of danger from bombing activity, and he saw a spotting tower. Mann only inspected the first floor of the tower, but if he had gone to the upper floor, he would have seen

charts, maps, a working telephone, and a radio. The tower also had functioning electricity, but Mann made no effort to verify that. Furthermore, Mann could see a well-maintained caliche road running through the property from the tower to the bomb site. Mann even saw government employees on the property, one of which discussed matters with the seller. Mann asked this employee no questions concerning the activity and structures he observed during his visit to the property.

fendant, a trial court should not allow its use).

With respect to Mann's first contention, we find the movant established all of the elements of collateral estoppel as a matter of law. The doctrine of collateral estoppel prohibits relitigation of particular issues already resolved in a prior suit. *See Ayre v. J.D. Bucky Allshouse, P.C.*, 942 S.W.2d 24, 27 (Tex.App.—Houston [14th Dist.] 1996, writ denied). In order to invoke collateral estoppel, a party must establish (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *See Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex.1994); *see also Eagle Properties, Ltd.*, 807 S.W.2d at 721. Mutuality need not be present in order to invoke collateral estoppel; rather, it is only necessary that the party against whom collateral estoppel is now asserted was either a party or in privity with a party in the prior litigation. *See Eagle Properties*, 807 S.W.2d at 721. However, collateral estoppel requires that the issue decided in the first action be identical to the issue in the pending action. *See Getty Oil v. Insurance Co. of N. America*, 845 S.W.2d 794, 802 (Tex.1992).

Here, Old Republic's summary judgment proof demonstrates Mann fully and fairly litigated the issue of knowledge in his previous action to quiet title in the federal district court. In that action, Mann had every incentive to litigate the issue of knowledge of the easements because he was attempting to assert himself as a bona fide purchaser of the property without notice of the government's easements. Moreover, the judgment and findings of fact and conclu-

sions of law disclose that a full and complete bench trial was held. Therefore, the first element of collateral estoppel is satisfied. Second, the facts litigated were essential to the judgment in the prior action. Lack of knowledge, actual or constructive, was an essential element for the plaintiff to prove in order to establish himself as a bona fide purchaser in the earlier quiet title litigation. *See Richards v. Suckle*, 871 S.W.2d 239, 242 (Tex.App.—Houston [14th Dist.] 1994, no writ)(holding that to qualify as a good faith purchaser, a party must demonstrate (1) the purchase was made in good faith, (2) for valuable consideration, and (3) without actual or constructive knowledge of any outstanding claims of any third party). Because the federal district court determined Mann had actual knowledge [4] of the easements on the property, the United States prevailed in the previous action. Therefore, the second element of collateral estoppel is also met. Third, inasmuch as Mann was the plaintiff in the prior litigation, he was obviously a party in the first action, and Mann and the United States were adversaries in that case, thereby establishing the final element of collateral estoppel. Because Old Republic proved, as a matter of law, all the elements of collateral estoppel, Mann was collaterally estopped from relitigating the issue of his knowledge of the easements in state court.

Mann also asserts in his brief in connection with this issue that there is no evidence he knew about the unrecorded easements prior to or at the date the title insurance policy was issued. As quoted in note 2 above, the title policy excluded from coverage encumbrances not known to the company but known to the insured at the date of the policy or at the date the insured acquired an estate or interest insured by

---

4. To avoid collateral estoppel, Mann attempts to create a distinction between the knowledge imputed to him in the federal court judgment, and knowledge as defined in the Old Republic title insurance policy. That policy defined knowledge as "actual knowledge, not constructive *knowledge or notice* which may be imputed to the insured by reason of any public records." (emphasis added) The policy also defines "public records" as "records which impart constructive *notice* of matters relating to the land." Actual notice exists when a person actually knows the facts charged to

him, or should have known them if he had inquired about them, after learning of facts which put him on inquiry. *See City of Richland Hills v. Bertelsen*, 724 S.W.2d 428, 430 (Tex.App.—Fort Worth 1987, no writ). Because the federal court judgment was not based on Mann's constructive knowledge imputed from public records, but rather on actual knowledge imputed to Mann for failure to make even a minimal investigation after learning facts which put him on inquiry, Mann's asserted distinction is untenable.

the policy. This is a question of fact: what did he know and when did he know it? Mann's only summary judgment proof submitted to the trial court was his own affidavit. That affidavit contains no statements regarding the timing of his imputed knowledge of the easements as compared to either the date of the title policy or the date he acquired the property insured by the policy. Further, his response to the summary judgment motion also fails to raise this issue. A nonmovant must expressly present to the trial court summary judgment proof when necessary to establish a fact issue. *See Clear Creek,* 589 S.W.2d at 678. Because this fact issue was not expressly presented to the trial court, we may not consider it on appeal as a ground for reversing the trial court's judgment. *See* TEX.R. CIV. P. 166a(c). Accordingly, we overrule Mann's first contention supporting his sole point of error.

■ Mann's second contention raises the issue of fairness in allowing offensive use of collateral estoppel.[5] Specifically, he asserts in his appellate brief that invoking collateral estoppel is unfair to him because it precludes litigation of the issue of his knowledge of the easements, as well as the correct interpretation thereof. Mann also argues Old Republic could have joined in the previous action, and, therefore, application of collateral estoppel would improperly reward Old Republic who chose to "wait and see" if a favorable judgment would result before filing its declaratory judgment action. Mann's argument is that the trial court should have considered the *Parklane* factors before permitting the use of offensive collateral estoppel. We disagree.

■ In the state district court action, from which this appeal is taken, Old Republic filed a declaratory judgment action under the Texas Uniform Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 37.001—37.011 (Vernon 1997). A declaratory judgment action is not necessarily an action for affirmative relief. *See Republic Ins. Co. v. Davis,* 856 S.W.2d 158, 164 (Tex.1993). The purpose of the Act is, according to its own terms, to permit a person to obtain a declaration of rights, status or other legal relations. *See* § 37.003. The statute cannot be invoked as an affirmative ground of recovery to revise or alter such rights or legal relations. *See Republic Ins. Co.,* 856 S.W.2d at 164. Indeed, Old Republic's original petition in the trial court below only requested a declaration that a certain claim being made by Mann is excluded from coverage under a title policy held by him. The essence of this petition is defensive in nature. Old Republic's subsequent motion for summary judgment invoked collateral estoppel to prevent Mann from relitigating the identical issue he had lost against another defendant. We construe Old Republic's status as a plaintiff in the declaratory judgment action as insignificant. *See Johnson & Higgins of Tx. v. Kenneco Energy,* 962 S.W.2d 507, 519(Tex.1998)(holding that insurance broker's declaratory judgment action asserting collateral estoppel was not offensive use of collateral estoppel because broker's status as a plaintiff in that action was purely nominal). Here, as in *Johnson & Higgins,* Old Republic's use of collateral estoppel is defensive. Defensive use of collateral estoppel does not trigger application of the *Parklane* factors. *See Parklane,* 439 U.S. at 331, 99 S.Ct. 645. Accordingly, we overrule Mann's second contention supporting his point of error.

The judgment of the trial court is affirmed.

EDELMAN, Justice, dissenting.

My concurrence in only the result of the opinion issued on July 23, 1998 is withdrawn and the following dissenting opinion is issued in its place.

The insurance policy in this case excepted from coverage any easements which (a) were not known to Old Republic or shown by the public records but were "known to" Mann at

---

5. Offensive use of collateral estoppel occurs when a plaintiff seeks to foreclose a defendant from relitigating an issue which the defendant previously litigated and lost in a suit involving another party. It is distinguishable from the defensive use of collateral estoppel which occurs when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant. *See Parklane Hosiery,* 439 U.S. at 326 n. 4, 99 S.Ct. 645.

the time he acquired the property (the "known to" exception), or (b) "a survey or physical inspection of the premises might disclose" (the "inspection" exception). With regard to the "known to" exception, the policy defines "knowledge" as "actual knowledge, not constructive knowledge or notice which may be imputed to the Insured by reason of any public records." Old Republic's motion for summary judgment argued that the facts necessary to establish each of these exclusions were established in the previous federal court case.

The federal court case was an action to quiet title. The trust alleged that the two easements claimed by the United States were void because they were not properly recorded when Mann purchased the property in question. The United States contended that its open and obvious use of the target site, access road, and observation towers were sufficient to charge Mann with inquiry notice of the easements. Following a trial on the merits, the federal court entered a judgment denying the trust relief on the ground that it "must be deemed to have been aware of the two easements at the time that it purchased the property."

In the "Applicable Law" section, the federal court's Findings of Fact and Conclusions of law state that "[t]he key legal dispute . . . is whether the [trust] had any further duty to inspect the property and make further inquiries other than what [Mann] actually saw and was told by [the seller] during his solo visit to the ranch." The Conclusions of Law section answer this question by stating, "Because the law imputes to the [trust] such knowledge as its agents would have acquired by the exercise of ordinary diligence, the [trust] must be deemed to have been aware of the two easements in question at the time it purchased the subject property."

The majority opinion in this case concludes that, "[b]ecause the federal district court determined that Mann had *actual* knowledge of the easements on the property, the United States prevailed in the previous action." (emphasis added). Footnote four of the majority opinion elaborates on this conclusion:

> To avoid collateral estoppel, Mann attempts to create a distinction between the knowledge imputed to him in the federal court judgment, and knowledge as defined in the Old Republic title insurance policy. That policy defined knowledge as "actual knowledge, not constructive *knowledge or notice* which may be imputed to the insured by reason of any public records." (emphasis added) The policy also defines "public records" as "records which impart constructive *notice* of matters relating to the land." Actual notice exists when a person actually knows the facts charged to him, or should have known them if he had inquired about them, after learning of facts which put him on inquiry. Because the federal court judgment was not based on Mann's constructive knowledge imputed from public records, but rather on *actual knowledge imputed to Mann* for failure to make even a minimal investigation after learning facts which put him on inquiry, Mann's asserted distinction is untenable.

(citations omitted) (emphasis added).

Actual knowledge, *i.e.*, what a person actually knows, is generally that which is distinguished from constructive or imputed knowledge, i.e., what a person doesn't actually know but objectively should know or has reason to know. *See, e.g., State v. Tennison,* 509 S.W.2d 560, 562 (Tex.1974) (stating that duty to warn licensees of dangerous condition arises only when licensor has actual, not constructive, knowledge of the condition). However, because the definition of "knowledge" in the policy excludes constructive knowledge or notice that is imputed from public records, footnote four apparently infers that the definition thereby includes *actual notice* or *imputed or constructive knowledge* arising from sources other than the public records.

I do not interpret the policy definition of knowledge to include anything less than actual subjective knowledge, i.e., what a person really knows. In this case, the "known to" exception would therefore require actual knowledge of the easements rather than merely the things that Mann observed on his visit that would put him on inquiry notice. Therefore, because the federal court did not find that Mann had actual subjective knowledge of the easements, but only that he was

*deemed* to be aware of them, I do not believe it determined the facts necessary to establish the "known to" exception.

As to the "inspection" exception, the federal court's finding of facts specifically set forth what Mann actually saw on his visit to the property and what he would have seen upon further inspection. These are the facts that would be considered in determining whether "a survey or physical inspection of the premises might disclose" the easement in this case. However, the federal court did not conclude that Mann was deemed to be aware of the easements based solely upon what an inspection would have revealed, but also upon what would have been determined by further inquiry. By contrast, the "inspection" exception is confined to only what a survey or physical inspection might reveal and does not expressly extend to any additional information that would become known only upon further inquiry. Because the federal court did not determine whether a survey or physical inspection might alone disclose the easement, it did not decide the facts necessary to establish the "inspection" exception.

Because I therefore do not believe the federal court decision established Old Republic's grounds for summary judgment, I would reverse the judgment of the trial court and remand the case for further proceedings.