NUMBER 13-04-00254-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


GUADALUPE HERNANDEZ,                                                            Appellant,

 

                                                             v.

 

AURELIO LEO LARA,                                                                        Appellee.

                                                                                                                       


    On appeal from the 92nd District Court of Hidalgo County,
Texas.

                                                                    
                                                   

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 

Appellant, Guadalupe Hernandez, raises nine
issues challenging the trial court=s granting of summary judgment in favor of
appellee, Aurelio Leo Lara.  We reverse
and remand for further proceedings.

                                                   A.  Factual
Background








The instant case originated from Lara=s legal representation of appellant and her
family members in a wrongful death suit. 
Appellant=s mother was killed by a drunk driver.  Lara filed suit on behalf of appellant, her
father, her siblings, and her niece and nephew, against the driver for
negligence.  The parties to the original
suit signed a ACompromise, Settlement and Release
Agreement.@  The
plaintiffs received the policy limits from the defendant=s insurance company, and the defendant was
released from any and all future claims. 
The trial court formally reviewed the compromise and settlement agreement
and found that all parties had agreed to its terms, and the settlement was fair
and reasonable.  The trial court rendered
and signed a judgment on February 25, 2000, expressly incorporating the
settlement agreement.

On June 12, 2001, appellant filed suit
against Lara, pro se, on behalf of the estate of her deceased mother, as next
friend of her niece and nephew, and on behalf of her siblings.  The suit alleged that Lara had wrongfully
secured the agreement of appellant and her family members on the settlement
agreement in the wrongful death action. 
Lara answered with a general denial on July 2, 2001.  








On August 31, 2001, Lara filed a motion for
summary judgment against appellant on the affirmative defenses of res judicata,
lack of capacity to sue, and collateral estoppel.  On September 7, 2001, Lara filed an amended
answer, asserting the affirmative defenses of collateral estoppel, res
judicata, and lack of legal capacity of appellant to sue on behalf of the
estate of her deceased mother and on behalf of the other individuals.  On September 21, 2001, in response to Lara=s answer and specifically Lara=s assertion that appellant did not have
legal capacity to sue, appellant and her siblings filed an AAmended Original Petition,@ each signing individually, pro se.[1]  On September 25, 2001, appellant filed a
response in opposition to Lara=s motion for summary judgment.

On October 1, 2001, the trial court signed
an order granting Lara=s motion for summary judgment.  Appellant attempted to appeal that order,
however, because we concluded that the order was not final and appealable, this
Court dismissed the appeal for want of jurisdiction.  See Hernandez v. Lara, No.
13-01-768-CV, 2003 Tex. App. LEXIS 5724, *3 (Tex. App.BCorpus Christi July 3, 2003, no pet.).  On April 23, 2004, the trial court signed a AClarifying Order Granting Defendant=s Motion for Summary Judgment.@  The
clarifying order specifically states that it is a final summary judgment,
disposing of all claims and all parties. 
Appellant now appeals from that order.[2]

                                                     B.  Standard
of Review








The standard of review in traditional
summary judgment cases is well established. 
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548‑49 (Tex.
1985); Branton v. Wood, 100 S.W.3d 645, 646 (Tex. App.BCorpus Christi 2003, no pet.).  The issue on appeal is whether the movant met
its summary judgment burden by establishing that no genuine issue of material
fact exists and that he is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211,
215 (Tex. 2002).  The movant bears the
burden of proof and all doubts about the existence of a genuine issue of
material fact are resolved against the movant. 
Nixon, 690 S.W.2d at 548-49. 
All evidence and any reasonable inferences must be viewed in the light
most favorable to the nonmovant.  Id.  Evidence favoring the movant=s position will not be considered unless it
is uncontroverted.  Great Am. Reserve
Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).

A defendant is entitled to summary judgment
if it conclusively negates an essential element of the plaintiff=s case or conclusively establishes all
necessary elements of an affirmative defense. 
Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995).  Summary judgment will be affirmed only if the
record establishes that the movant conclusively proved all elements of its
affirmative defense as a matter of law.  City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).

                                                   C.  Affirmative
Defenses

                                                                1.  Res Judicata

In her first issue, appellant contends the
trial court erred in granting summary judgment on Lara=s affirmative defense of res judicata
because Lara failed to prove the 
required elements.








Res judicata precludes re‑litigation
of claims that have been finally adjudicated, or that arise out of the same
subject matter and could have been litigated in the prior action. Barr v.
Resolution Trust Corp., 837 S.W.2d 627, 631 (Tex. 1992).  The elements of res judicata are (1) a prior,
final judgment on the merits by a court of competent jurisdiction; (2) identity
of parties or those in privity with them; and (3) a second action based on the
same claims that were raised or could have been raised in the first
action.  Amstadt v. U.S. Brass Corp.,
919 S.W.2d 644, 652 (Tex. 1996).  Lara
had the burden to conclusively prove all the elements of this affirmative
defense.  Dardari v. Tex. Commerce Nat=l Ass=n, 961 S.W.2d 466, 470 (Tex. App.BHouston [1st Dist.] 1997, no pet.).

After reviewing the summary judgment
evidence, we conclude that Lara failed to conclusively prove all the elements
of the affirmative defense of res judicata. 
First, the parties are not identical; Lara was never a party to the
underlying suit, he was appellant=s attorney. 
Second, appellant=s claims for fraudulent misrepresentation
and violations of the DTPA were not, and could not have been made, a part of
the underlying suit for the obvious reason that these claims arose as a result
of Lara=s alleged conduct in the underlying
suit.  Therefore, the trial court erred
in granting Lara=s motion for summary judgment on the basis
of res judicata.   Appellant=s first issue is sustained.

                                                           2.  Collateral Estoppel

In her second issue, appellant also contends
that the trial court erred in granting summary judgment on the affirmative
defense of collateral estoppel because Lara failed to prove the required elements.








The doctrine of collateral estoppel is used
to prevent a party from re‑litigating an issue that it Apreviously litigated and lost.@  Quinney
Elec., Inc. v. Kondos Entm=t, Inc., 988 S.W.2d 212, 213 (Tex. 1999) (citing Parklane
Hosiery Co. v. Shore, 439 U.S. 322, 329 (1979); Johnson & Higgins of
Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 519 (Tex. 1998)); Spera
v. Fleming, Hovenkamp & Grayson, P.C., 25 S.W.3d 863, 869 (Tex. App.BHouston [14th Dist.] 2000, no pet.).  To invoke collateral estoppel successfully, a
party must establish the following elements: (1) the facts sought to be
litigated in the second action were fully and fairly litigated in the first
action; (2) those facts were essential to the judgment in the first action; and
(3) the parties were cast as adversaries in the first action.  Spera, 25 S.W.3d at 869; Mann v. Old
Republic Nat=l Title Ins. Co., 975 S.W.2d 347, 350 (Tex. App.BHouston [14th Dist.] 1998, no pet.) (citing Sysco
Food Servs., Inc. v. Trapnell, 890 S.W.2d 796, 801 (Tex. 1994); Eagle
Properties, Ltd. v. Scharbauer, 807 S.W.2d 714, 721 (Tex. 1990)).  Whether collateral estoppel applies is a
question of law for the court to decide. 
Spera, 25 S.W.3d at 870; Domingues v. City of San Antonio,
985 S.W.2d 505, 507 (Tex. App.BSan Antonio 1998, pet. denied) (citing United
States v. Brackett, 113 F.3d 1396, 1398 (5th Cir. 1997)); Hill v.
Heritage Res., Inc., 964 S.W.2d 89, 138 (Tex. App.BEl Paso 1997, pet. denied).

The issues in the present case focus on Lara=s conduct in representing appellant.  See Byrd v. Woodruff, 891 S.W.2d 689,
699 (Tex. App.BDallas 1994, writ dism=d by agr.) (holding that the parties did not
litigate any issue about the lawyer=s representation in the prior suit).  Collateral estoppel, therefore, does not
apply.  We conclude the trial court erred
in granting Lara=s motion for summary judgment on the basis
of collateral estoppel.  Appellant=s second issue is sustained.

                                                              3.  Legal Capacity

In her fourth issue, appellant contends the
trial court erred in granting Lara=s motion for summary judgment on the ground
that appellant lacked the legal capacity to bring suit.








In her original petition, appellant filed
suit pro se, in her own behalf, on behalf of the estate of her deceased mother,
as next friend of her niece and nephew, and on behalf of her siblings.  After Lara filed an answer asserting that appellant
did not have legal capacity to bring suit, appellant and her siblings filed an AAmended Original Petition@ on September 21, 2001, signed by appellant
and each one of her siblings, individually, pro se.  The estate of appellant=s deceased mother and the minor children
were not included as plaintiffs in the amended petition.  Because the amended petition was filed ten
days prior to the October 1, 2001 hearing on the motion for summary judgment,
no leave of court was required.  See Tex. R. Civ. P.  63 (AParties may amend their pleadings . . .
provided, that any pleadings offered for filing within seven days of the date
of trial shall be filed only after leave of the judge is obtained.@). 
Thus, any defect regarding appellant=s legal capacity to bring suit was cured by
the amended petition.  Appellant=s fourth issue is sustained.

                                      D.  Grounds
Not Presented in Motion

In its clarifying order, the trial court
stated:  AThe Court finds that the law does not
recognize Plaintiffs= causes of action for relief as stated in
Plaintiffs= final amended pleading, and [Lara] is
entitled to Summary Judgment as to the entire case.@  In her
seventh issue, appellant contends the trial court erred in failing to recognize
the causes of action for relief she alleged in her amended petition.  Specifically, appellant asserts that (1) Lara
did not address these causes of action in his motion for summary judgment, and
(2) the trial court could not grant summary judgment for more relief than was
requested in Lara=s motion.

AIssues not expressly presented to the trial
court by written motion, answer or other response shall not be considered on
appeal as grounds for reversal.@ Tex.
R. Civ. P. 166a(c).  AA summary judgment cannot be affirmed on a
ground not specifically presented in the motion for summary judgment.@  Travis
v. City of Mesquite, 830 S.W.2d 94, 100 (Tex. 1992).  








Because Lara did not address the causes of
action for relief alleged in appellant=s amended petition, and the trial court
could not grant summary judgment for more relief than was requested in Lara=s motion,[3]
we conclude the trial court erred in finding that the law does not recognize
these causes of action.  Appellant=s seventh issue is sustained.

            Accordingly, we hold that the trial
court erred in granting Lara=s motion for summary judgment.  In light of our disposition of appellant=s first, second, fourth, and seventh
issues,  it is unnecessary to address
appellant=s remaining issues.  Tex.
R. App. P. 47.1.

The trial court=s order granting Lara=s motion for summary judgment is reversed,
and the case is remanded to the trial court for further proceedings.

 

FEDERICO G. HINOJOSA

Justice

 

 

Memorandum
Opinion delivered and filed

this
the 27th day of July, 2006.











[1] The estate of appellant=s deceased mother and the minor
children were not included as plaintiffs in the amended petition.





[2] Guadalupe Hernandez is the only
appellant in this appeal.  Because the
remaining plaintiffs (appellant=s siblings) in the underlying suit did not appeal the trial
court=s summary judgment order, the order
remains final as to them.  Thus, we
address only the issues raised by Guadalupe Hernandez in this appeal.





[3] Nor does Lara=s motion for summary judgment
present the ground of Alack of damages,@ thus dispelling Lara=s argument that this Court is
required to summarily affirm the summary judgment because appellant failed to
attack that ground on appeal.  See
Strather v. Dolgencorp of Tex., Inc., 96 S.W.3d 420, 423 (Tex. App.BTexarkana 2002, no pet.).