George W. JOHNSON, Appellant,

v.

E. J. KOENIG et al., Appellees.

No. 10914.

Court of Civil Appeals of Texas.

Austin.

Filed Jan. 24, 1962.

Rehearing Denied Feb. 7, 1962.

T. P. Hull, J. Douglas McGuire, San Antonio, for appellant.

Simon & Ratliff, William D. Ratliff, Jr., Fort Worth, Ed Mann, John F. Ryan, Fansler & Fansler, Hall & Hall, Robert O'Conor, Bismark Pope, Mann, Byfield & Castillon, Laredo, for appellees.

RICHARDS, Justice.

Suit was brought by George W. Johnson, appellant, in trespass to try title to the mineral estate in four sections of land approximating 2560 acres situated in Webb and Zapata Counties, Texas, against E. J. Koenig and others as defendants. George Buck and others intervened as parties defendant, defendants and intervenors being appellees herein. The case was tried to the Court without a jury upon an agreed statement of facts resulting in a judgment that appellant take nothing by his suit against all of the defendant and intervenor appellees, from which judgment appeal was perfected to this Court.

Appellant's asserted title was based solely upon a deed executed by David M. Stiles as substitute trustee appointed by appellant as the holder of two past due installments aggregating $389.05 on a note payable to the Federal Land Bank of Houston, in the principal sum of $5,000.00 secured by a deed of trust to the property involved. The Trial Court held that the trustee's deed upon which appellant based his title was void and therefore entered the "take nothing" judgment.

At the outset, it may be stated that the statement of facts filed in his Court consists of photostatic copies, many of which are poorly prepared, and without an index or proper paging. As a result this Court has not been helped by the numerous references to the statement of facts contained in the voluminous briefs filed by the various parties.

This controversy grows out of a deed of trust executed by Prudencio Trevino et ux. on September 30, 1924 to M. H. Gossett as trustee for the Federal Land Bank of Houston, hereinafter referred to as the Bank, covering land involved herein to secure their note in the principal sum of $5,000.00. Trevino died November 20, 1926 leaving a last will and testament which was admitted to probate February 11, 1927, Gordon Gibson being appointed by the County Court of Zapata County, Texas as administrator

with the will annexed. The Federal Land Bank filed a claim on the Claims Docket of the Probate Court for $4,809.89 based upon the unpaid balance of the above note and requesting an allowance of attorney's fees as provided therein, which claim was allowed by the administrator and approved by the Court.

The Bank then applied to the Court for an order of sale for all property covered by the deed of trust, the property involved herein, in order to satisfy its claim, which request was granted by the Court and the property ordered sold. The order provided for the sale of all the land covered by the deed of trust "or such part thereof as may be necessary to satisfy said incumbrance" to be sold by the administrator at private sale. On November 10, 1928 the administrator filed his report of sale stating that pursuant to the order of the Court he had sold to P. N. McCullough an undivided one-sixteenth (1/16th) royalty interest in all the land covered by the deed of trust for a cash consideration of $2560.00, which report was approved by the Court, who ordered the administrator to execute the necessary conveyance of the property, the deed being executed November 27, 1928.

In 1932 the devisees under Trevino's will having petitioned the County Court to close the administration, the administrator filed his final account with the Court which was approved and the Court ordered the administration closed on August 1, 1932. The final account of the administrator reveals that subsequent to the sale of 1/16th royalty above referred to he paid $2700.00 to the Bank and that as of the date of the final account there was a balance unpaid on the Bank indebtedness amounting to $2560.00.

On March 5, 1937, the Bank executed an assignment of deed of trust lien to George W. Johnson but it was not filed for record in the Deed of Trust Records of Zapata County until April 19, 1938. The instrument recited the death of M. H. Gossett, Trustee, on May 13, 1934 and the appointment by the Bank, as the owner and holder

of the indebtedness evidenced by the note secured by the deed of trust, of A. C. Williams as substitute trustee pursuant to the authority contained in the deed of trust and that in consideration of the payment by George W. Johnson of the sum of $389.05, representing two past due installments on the $5,000.00 note, the Bank assigned to Johnson the deed of trust lien securing the payment thereof, which transfer and assignment was "subject to the express conditions hereinafter mentioned", which are in part as follows:

"(2) That the installments hereby transferred are hereby made, and shall forever remain, a second and inferior lien to the lien securing the payment of the remainder of said note now owned by said Bank, together with interest to accrue thereon, including balance owing on installments which matured on the first days of January 1933, July 1933, January 1934, July 1934 and January 1935, as extended.

(3) That any foreclosure proceedings instituted on the installments hereby transferred shall not, in any manner whatsoever, affect the rights of said Bank or said Association as such rights existed at and before the execution of this assignment.

(4) That the lien now existing in favor of said Bank upon and against the land described in said deed of trust to secure said Bank in the payment of the remaining part of said note, together with interest to accrue thereon, shall be and remain superior to the lien securing the installment hereby asssigned.

(5) That any release executed by the assignee herein of the lien securing the payment of the installments hereby transferred shall not affect, in any manner, the lien existing in favor of said Bank, securing it in the payment of the remainder of the debt owing it.

(6) The acceptance of this assignment by the assignee shall be and is

hereby made an agreement upon his part to the conditions above recited.

Subject to the above conditions, said Bank does hereby bargain, sell, convey and assign unto the said George W. Johnson, all of the right, title and interest owned or held by it in said land by virtue of the installments herein conveyed and assigned and by virtue of the deed of trust securing the payment thereof, in so far as said deed of trust secures the installments hereby transferred, but not further."

On April 21, 1938 L. W. Stieren executed an affidavit to The Public which was filed and recorded on April 25, 1938 in the Deed Records of Webb and Zapata Counties. The affidavit recited the execution of the deed of trust by Prudencio Trevino et ux. to M. H. Gossett, Trustee for the Bank to secure the payment of the $5,000.00 note; the conveyance by the administrator with the will annexed of the Trevino Estate under the mineral deed to P. N. McCullough; that the affiant owned certain mineral interests in the property by virtue of mineral deeds to him from McCullough and others as grantors; that on April 18, 1938 there was an unpaid balance on the $5,000.00 note in favor of the Bank amounting to $2447.60, "which amount included $1,945.14 unmatured principal and the sum of $502.46 delinquent installments on said loan," together with delinquent taxes amounting to approximately $1,000.-00; that because of such delinquency the Bank was threatening foreclosure proceedings under its superior lien and that affiant in order to protect his rights in said land on April 18, 1938 paid to the Bank the sum of $2447.60 being the total amount of principal and interest due the Bank on the note and requested the Bank to execute to him an assignment of its debt and deed of trust lien against the property but which assignment had not yet been executed and delivered to him for record; that by payment of the unpaid balance due the Bank, he became subrogated to all of its rights, liens and equities under the deed of trust and that he had a valid and subsisting lien against the property in question to secure the payment of the debt purchased from the Bank in the sum of $2447.-60, together with interest and that the affidavit was made with the purpose of placing all persons contemplating the purchase of the property in question or any interest therein on notice that affiant was the owner of a valid and subsisting lien against the 2560 acres of land for the purpose of securing the payment of the debt purchased by him from the Bank. On April 21, 1938 Stieren assigned the unpaid indebtedness, together with the deed of trust lien securing it, to E. H. Stickney, which assignment was filed and recorded in the Deed of Trust Records of Webb and Zapata Counties on April 25, 1938.

On May 3, 1938 A. C. Williams, the substitute trustee who had been designated as a successor to M. H. Gossett, Trustee by the Bank, executed a refusal to act as substitute trustee for the sale under the deed of trust at the request of George W. Johnson as assignee of the past due installments assigned to him by the Bank, in enforcement of the trust only insofar as it related to the past due installment indebtedness assigned to Johnson, but specifically reserved all other powers, duties and obligations imposed upon him as substitute trustee under his original appointment as to all other matters. The instrument was filed and recorded in the Deed of Trust Records of Zapata County on May 14, 1938.

On May 13, 1938 George W. Johnson appointed David M. Stiles as substitute trustee under the deed of trust to M. H. Gossett in favor of the Bank which instrument recited that he had requested A. C. Williams who had been named and appointed to act as substitute trustee under the deed of trust to sell the land in satisfaction of the $389.05 indebtedness represented by the two past due installments which had been assigned to him by the Bank and that Williams having refused to act as such substitute trustee and make

the sale of the property under the deed of trust and had defaulted, he designated and appointed David M. Stiles as substitute trustee to act under such deed of trust, which appointment was filed and recorded in the Deed of Trust Records of Zapata County on December 9, 1938. On the same date David M. Stiles as substitute trustee executed and delivered his trustee's deed to appellant purporting to convey title to the 2560 acres of land in controversy which had been sold by him on December 5, 1938 at public sale at the Court House door at Zapata County, Texas, pursuant to notices posted in public places in Zapata and Webb Counties. The trustee's deed contains the following recitation:

> "Such conveyance, however, being subject to the announcement made at said sale by said substitute Trustee as follows: 'that said sale shall be subject to the recorded rights and interests of L. W. Stieren and of such rights as he may recover or establish as set forth in his pleadings in Cause No. 12,388 in the District Court of Webb County, Texas.'"

On December 4, 1958 the Bank executed a release of the deed of trust which secured the $5,000.00 note above referred to which was filed and recorded in the Deed of Trust Records of Zapata County January 20, 1959.

Appellant's second point of error asserts that the Trial Court erred in holding that the appointment of the substitute trustee by appellant was invalid and therefore the trustee's sale and the deed executed pursuant thereto in favor of appellant was void and conveyed no title to the lands in controversy. In response to appellant's request for findings of fact and conclusions of law the Trial Court concluded as a matter of law that the attempted appointment of a successor trustee by appellant was invalid and hence the substitute trustee's deed was of no force and effect.

The deed of trust executed by Trevino et ux. to M. H. Gossett, Trustee, to secure the $5,000.00 note payable to the Bank above referred to contains a provision that if the trustee dies or removes from the State of Texas or is disqualified from acting in the execution of the trust or shall fail or refuse to execute the trust when requested by the owner or holder of the debt (the Bank) to do so, the owner and holder shall have full power to appoint by written instrument duly recorded in said county, a substitute trustee and if necessary several substitute trustees in succession "who shall succeed to all of the estate, rights, powers and duties of the said M. H. Gossett," and the mortgagors (Trevino et ux.) ratify and confirm all the acts which M. H. Gossett, Trustee, or his successors should lawfully do by virtue thereof.

The deed of trust provided that if default was made in the payment of any of the semi-annual installments of the $5,000.00 note secured by the deed of trust, the Bank or its assigns had the right to sell the property in satisfaction of such defaulted payment without declaring the whole debt due, the sale to be made upon the same terms and conditions as provided for in the event the Bank exercised its option and declared the whole note due.

The deed of trust further provided that:

> "Save and Except that where the sale is made because of the default of one or more of the semi-annual payments such sale shall be made subject to the unmatured part of the note secured by this deed of trust, and it is agreed that such sale shall not in any manner affect the unmatured part or the debt secured by this deed of trust, but as to such unmatured part this deed of trust shall remain in full force and effect, just as though no sale had been made under the provisions of this paragraph; and it is specifically agreed that no sale under the powers conferred in this paragraph shall ex-

haust the right of sale under the powers conferred in the first preceding paragraph hereof relating to the maturity of the entire debt, nor shall any sale exhaust the power of sale to enforce the payment of any subsequently maturing installment, the payment of which may be defaulted, and *it is agreed that an assignee holding any installment or installments of the note hereby secured, shall have the same powers as are hereby conferred on the Federal Land Bank of Houston to request the trustee named herein, or his successors as herein provided for, to sell the property herein conveyed."* (Italics supplied.)

In Hart v. McClusky, Tex.Civ.App., 118 S.W.2d 1077, 1079, error ref. the Court construed a deed of trust which was practically identical with the deed of trust involved herein. In passing upon the italicized portion of the deed of trust, supra, the Court held as follows:

"It will be observed from the quoted provision that an assignee of any installment or installments of the note, upon default in their payment, has the right to call upon the trustee named in the deed of trust or his successors 'as herein provided for' to make the sale. *There is no provision under which an assignee of a portion only of the indebtedness is authorized to appoint a trustee or substitute trustee. He is confined to the trustee or substitute named in the deed of trust or appointed under its provisions by the Federal Land Bank.* * * *

"Under the law, the power to appoint a trustee or a substitute trustee to make sale of one's property, is not inherent in the creditor. Such authority is derived solely from the deed of trust and its provisions must be strictly followed. If the grantor had been willing to entrust such power of appointment to any assignee who may become the owner of any portion of the indebtedness secured by the deed of trust, it would have been so provided in the deed of trust; but since that power was restricted and confined to the Federal Land Bank, it cannot be enlarged by judicial fiat." (Citing cases.) (Italics supplied.)

■ As shown by his affidavit L. W. Stieren paid the remaining balance of principal indebtedness and interest on the $5,000.00 note to the Bank on April 18, 1938 to protect his interest in the lands covered by the deed of trust and thus became subrogated to all the rights and powers of the Bank under the deed of trust. Where a person other than the principal obligor who has paid the mortgage indebtedness on lands in which he has an interest, he is subrogated to the rights of the mortgagee since by such payment he is regarded as an equitable assigneee of the mortgage and may keep alive and enforce the mortgage lien insofar as is necessary for his protection. First National Bank of Houston v. Ackerman, 70 Tex. 315, 8 S.W. 45, 47; 39 Tex.Jur., Subrogation, Sec. 21. Since on May 13, 1938 L. W. Stieren was the owner and holder of the principal indebtedness secured by the deed of trust, he was the only person or entity with the power to appoint a substitute trustee.

■ But by paying the debt of another person the payor does not *ipso facto* become subrogated to the rights of the creditors since he acquires only a right to subrogation which must be affirmatively asserted before the equitable assignment can actually take effect which right can only be established by a judicial proceeding. Faires v. Cockerell, 88 Tex. 428, 31 S.W. 190, 194, 639, 28 L.R.A. 528; 39 Tex.Jur., Subrogation, Sec. 41. After L. W. Stieren had paid the remaining balance due on the $5,000.00 note to the Bank thereby acquiring a right to be subrogated to the rights of the Bank under the deed of trust, he assigned all of such indebtedness and rights under the deed of trust on April 21, 1938 to E. H. Stickney, who filed suit

in the District Court of Zapata County naming appellant and others as defendants.[1]

▮ The filing of suit by Stickney as the assignee of Stieren of the balance due upon the note to the Bank and the lien securing the same which had been paid by Stieren, fully and completely subrogated Stickney to all the rights of the Bank under the deed of trust.

The filing and recording of Stieren's affidavit to The Public on April 18, 1938 placed appellant upon notice that Stieren had succeeded to the superior lien held by the Bank under the deed of trust by the terms of which only the holder of the principal obligation or his successor or assignee thereof had the power to appoint a substitute trustee. Under the rule announced in Hart v. McClusky, supra, the appointment of David M. Stiles was void and as a result any proceedings by the substitute trustee under the provisions of the deed of trust were void.

Appellant cites Continental State Bank of Big Sandy v. Pepper et al., 130 Tex. 71, 106 S.W.2d 654, in support of his position. The question there involved was whether or not the owner of all of the indebtedness secured by a second deed of trust which was inferior to the lien held by the Federal Land Bank under a prior deed of trust could appoint a substitute trustee to make a sale under the junior deed of trust. The Court held that the owner of the indebtedness secured by the junior deed of trust had the power to appoint a substitute trustee under the provisions of that deed of trust. In our opinion the Pepper case is not applicable here.

Since it is our opinion that appellant's appointment of David M. Stiles as substitute trustee under the original deed of trust to M. H. Gossett in favor of the Bank to secure the payment of the $5,000.-00 promissory note executed by Prudencio Trevino et ux. was not authorized under but contrary to the provisions of the deed of trust and therefore void, the subsequent sale and execution of the deed to appellant by the substitute trustee were nullities. Appellant's title to the lands in question being based solely upon the void deed executed by the substitute trustee, the judgment of the Trial Court that appellant "take nothing" by its suit was correct. Appellant's second point of error is overruled.

In view of this holding, it is not deemed necessary to pass upon appellant's first point of error. The judgment of the Trial Court is in all things affirmed.

HUGHES, Justice (concurring).

Since the Supreme Court refused a writ of error in Hart v. McClusky, 118 S.W.2d 1077, Amarillo Civil Appeals, this Court properly follows the declarations of law found in the Court's opinion and as set forth in the opinion of Associate Justice Richards.

I do not doubt the correctness of the conclusion reached in McClusky. There the contention was made that *only* the holder of an assigned portion of the debt, who was seeking foreclosure, could appoint a substitute trustee upon failure or refusal of the original trustee to act, and that the appointment of a substitute trustee by the Federal Land Bank, holder of the remaining indebtedness secured by a superior lien, was invalid and that the sale made by him was void. This contention was disallowed, and the authority of the substitute trustee sustained. In the present suit the authority of the substitute trustee appointed by an assignee of a portion of the debt is denied, even though the trustee appointed by the assignor has refused to act. This is a major departure from the holding in McClusky and, I believe, should be closely scrutinized by the Supreme Court. The effect of our de-

---

1. See Johnson v. Stickney, Tex.Civ.App., 152 S.W.2d 921, 924, 925, no writ history.

cision, based on the *language* of McClusky, is to deny to an assignee of a portion of the debt the right of foreclosure of his lien under the power of sale in the deed of trust.

Reference is made to portions of the deed of trust in suit described or set out in the opinion of Associate Justice Richards. In addition, I quote the following therefrom:

"If the said trustee shall die, or shall remove from the State of Texas, or shall be disqualified from acting in the execution of this trust, or shall fail or refuse to execute the same when requested by the owner or holder of said debt so to do, said owner or holder shall have full power to appoint, by written instrument duly recorded in said County, a substitute trustee, and, if necessary, several substitute trustees in succession, who shall succeed to all the estate, rights, powers, and duties of the said M. H. Gossett, and Mortgagors do hereby ratify and confirm any and all acts which the said M. H. Gossett, Trustee, or his successor or successors in this trust, shall do lawfully by virtue hereof."

Is an assignee of a portion of the debt an "owner or holder of said debt" within the terms of the deed of trust?

The Court in McClusky treats only the owner of the unassigned portion of the debt as being an "owner or holder." What the holding would be if all the debt were assigned is not stated.

A trustee under a power of sale, as here, has little discretion and if he acts properly it is of little consequence to any concerned party that he is trustee A or trustee B. It is of considerable consequence to the parties, however, that if trustee A fails or refuses to act trustee B cannot lawfully act.

If the question were an open one for this Court, I would hold that the owner of an assigned portion of the debt is "an owner or holder of said debt" and would be entitled to appoint a substitute trustee if the trustee or substitute trustee appointed by the original creditor failed or refused to act. I believe this conclusion to be in accordance with a fair construction of the terms of the deed of trust by which the rights of the parties are measured.